IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS CROSSLAND, | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 03-1459 |
| DONALD T. VAUGHN, et al. | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 14th day of September, 2018, upon consideration of Petitioner's Motion for Relief from Judgment (ECF No. 32), the Report and Recommendation prepared by United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 63), Petitioner's Objections to said Report and Recommendation (ECF No. 67), Respondents' Response in Opposition to Petitioner's Objections (ECF No. 76), and Petitioner's Reply (ECF No. 79), it is hereby **ORDERED** as follows:

1. Petitioner's Objections (ECF No. 67) are **OVERRULED** in their entirety.[1]

---

[1] The Writ of Habeas Corpus underlying the instant motion was denied on November 17, 2003. (ECF No. 18). The Rule 60(b)(6) Motion considered here was not filed until over ten years later, on May 28, 2014. (ECF No. 32). This Court referred Petitioner's Motion to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation, which this Court considers herein. The Court has thoroughly reviewed Petitioner's Rule 60(b)(6) Motion, Judge Moore Wells's Report and Recommendation, Petitioner's Objections, and all responses and replies thereto. For the very brief reasons that follow, this Court finds that Petitioner advances no meritorious objections to the Report and Recommendation. As such, the Report and Recommendation is approved and adopted in its entirety, and Petitioner's Motion for Relief from Judgment is denied.

Petitioner purports to present nine objections to the Report and Recommendation as prepared by Judge Moore Wells. But each of Petitioner's objections either misunderstands the magistrate judge's analysis or simply redresses the substantive arguments advanced in Petitioner's 60(b)(6) Motion. Despite the foregoing, the Court proceeds as if Petitioner properly objected to the outstanding Report and Recommendation in its entirety, and thus reviews the Report and Recommendation *de novo* in accordance with the mandates of 28 U.S.C. § 636(b)(1).

Upon *de novo* review of Petitioner's Motion and the portions of the Report and Recommendation related thereto, the Court finds the Report and Recommendation is supported by the law and facts of this case. First, motions under Rule (60)(b) "must be made within a reasonable time," Fed. R. Civ. P. 60(c), and despite the untimeliness of the instant Motion, Petitioner provides no facts that would explain, much less excuse, the delay. Second, despite Petitioner's arguments to the contrary, the Supreme Court decision in McQuiggin v. Perkins, 569 U.S. 383 (2013) does not provide an avenue for relief in this case. While a fundamental miscarriage of justice can overcome a procedural bar like the one at issue here, McQuiggin v. Perkins, 569 U.S. 383, 392 (2013), Petitioner fails to allege sufficient facts to support the application of

1

2. The Report and Recommendation is hereby **APPROVED AND ADOPTED**.
3. Petitioner's Motion for relief from the judgement entered on November 17, 2003 (ECF No. 32) is **DENIED**.
4. There is no cause to issue a certificate of appealability.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II    J.

---

this very narrow exception. The miscarriage of justice exception applies only where "new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." Id. at 395 (citing Schulp v. Delo, 513 U.S. 298, 329 (1995)) (internal quotations omitted). Petitioner has yet to present evidence that would entitle him to relief under this extraordinary exception.

As Petitioner fails to present a case for equitable tolling – or otherwise put forth facts that would excuse the untimeliness of his Motion – and fails to demonstrate the applicability of the miscarriage of justice exception, the Court sees no basis upon which to abrogate any portion of the Report and Recommendation.