IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS CROSLAND | : | |
|    *Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 03-1459 |
| | : | |
| DONALD T. VAUGHN, et al., | : | |
|    *Respondents*. | : | |

## MEMORANDUM

JONES, II J.                                                                                                     October 31, 2019

### I.    INTRODUCTION

Presently before this Court is a motion filed *pro se* by Curtis Crosland ("Petitioner") under Federal Rule of Civil Procedure 60(b). Petitioner seeks reconsideration of this Court's Order dated September 14, 2018 (ECF No. 81)[1] and seeks relief from the 2003 denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.[2] Relying on *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) and *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017), Petitioner contends he is entitled to relief from the prior judgment in light of this new Third Circuit law and its alleged relevance to Petitioner's case. Once more citing to *McQuiggin v. Perkins*, 569 U.S. 383 (2013) and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014)[3], Petitioner asserts that because he is actually innocent, the disposition of his earlier habeas

---

[1] *See* September 14, 2018 Order (ECF No. 81) for additional background information on this Court's *de novo* review of the Report and Recommendation (ECF No. 63) prepared by United States Magistrate Judge Carol Sandra Moore Wells (overruling Petitioner's Objections (ECF No. 67) to the Report and Recommendation, as well as approving and adopting the Report and Recommendation *in toto*).
[2] The Writ of Habeas Corpus underlying Petitioner's instant motion was denied on November 17, 2003. (ECF No. 18).
[3] *See* Petitioner's Objections to the Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells (ECF No. 67). Petitioner previously, and unsuccessfully, raised this basis for relief but argues that the intervening decisions in *Reeves* and *Satterfield* warrant a different result. *See also* Petitioner's Counter Response to the Commonwealth's Letter/Brief (ECF No. 79).

petition as untimely should be re-opened.  Alternatively, Petitioner insists he should be issued a certificate of appealability and be provided with counsel to pursue it.  The question before this Court is two-fold: whether the evidence Petitioner presented to Magistrate Judge Moore Wells falls under the new evidence definition in *Reeves* and if it does, whether Petitioner has made a showing of actual innocence relative to *Satterfield* that warrants applying the extraordinary circumstances exception in *McQuiggin* to excuse the untimely filing of Petitioner's Rule 60(b)(6) motion.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[4]

On January 29, 1991, Petitioner was convicted of second-degree murder, robbery, and weapon offenses.  He was sentenced to life imprisonment on the murder charge and consecutive sentences on the robbery and weapons convictions.  On appeal, the Superior Court affirmed the lower court's sentence with regards to the murder and weapons offenses; however, the Superior Court vacated the sentence imposed by the conviction of robbery. *Commonwealth v. Crosland*, 2017 WL 118093 (Pa. Super. Ct. 2017).   The Supreme Court denied leave to appeal. (citing *Commonwealth v. Crosland*, 631 A.2d 212 (Pa. Super. Ct. 1993) (unpublished memorandum), *appeal denied*, 639 A.2d 24 (Pa. 1994)).

On March 30, 1995, Petitioner filed a *pro se* petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq*.  Following appointment of counsel, the PCRA court dismissed the petition on October 10, 1996.  The Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied *allocatur*.

---

[4] The facts set forth in this background and procedural history were adopted from Magistrate Judge Moore Wells' Report and Recommendation (ECF No. 63). *See generally* Petitioner's 60(b)(6) Motion and attachments thereto (ECF No. 32), supplements to the Motion and attachments thereto (ECF Nos. 34, 35, 36, 43, 45), the Commonwealth's Response to the Motion and attachments thereto (ECF No. 38), and the Commonwealth's Response to Petitioner's Traverse and Supplemental Record of Newly Discovered Evidence (ECF No. 56).

*Commonwealth v. Crosland*, 704 A.2d 160 (Pa. Super. Ct. 1997), *appeal denied*, 723 A.2d 669 (Pa. 1998). Petitioner then filed a second *pro se* PCRA petition. Following the appointment of counsel and the filing of a no-merit letter, the PCRA court dismissed the petition as untimely. The Superior court affirmed the dismissal in a memorandum opinion. *Commonwealth v. Crosland*, 776 A.2d 289 (Pa. Super. Ct. 2001). Petitioner did not seek leave to appeal to the Pennsylvania Supreme Court. He did, however, file a petition for writ of habeas corpus in state court, which was treated as a third PCRA petition and dismissed as untimely on January 7, 2002. The Superior Court affirmed the dismissal. *Commonwealth v. Crosland*, 821 A.2d 131 (Pa. Super. Ct. 2003). Petitioner did not seek leave to appeal to the Pennsylvania Supreme Court.[5]

Petitioner filed a *pro se* petition for writ of habeas corpus with this District Court on March 7, 2003. (ECF No. 1). Therein, he asserted claims of deprivation of his right to assistance of counsel under the Sixth and Fourteenth Amendments; due process violations of his Sixth and Fourteenth Amendment rights; a claim of newly discovered, exculpatory eyewitness evidence; and the purposeful use of perjured testimony by the Commonwealth. *Id.* On September 9, 2003, United States Magistrate Judge Arnold C. Rapaport issued a Report and Recommendation advising that the petition be dismissed as time barred. (ECF No. 13). On November 17, 2003, United States District Judge Herbert Hutton overruled Petitioner's objections to the Report and Recommendation, approved and adopted it, and dismissed the petition as time barred. (ECF No. 18). On June 21, 2004, the United States Court of Appeals for the Third Circuit denied a certificate of appealability. (ECF No. 21).

On March 20, 2013, Petitioner filed a Rule 60(b) motion in this Court seeking relief from the dismissal of his habeas petition, citing *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 22).

---

[5] Petitioner filed five subsequent unsuccessful PCRA petitions, the most recent having been dismissed on October 20, 2015. *See Crosland*, 2017 WL 118093, at *1 and n.1.

Specifically, he asserted that his claims of ineffective assistance of trial counsel[6] may be reviewed solely on their merits under *Martinez*. *Id.* On March 22, 2013, this Court denied the motion, finding (1) that the motion did not constitute a second or successive habeas petition because the original petition was dismissed as untimely and was not adjudicated on its merits; and (2) that relief was unwarranted because *Martinez* was interpreted as merely a change in decisional law, and did "not present 'extraordinary circumstances' to allow the reopening of a petition," pursuant to Rule 60(b). (ECF No. 24). On April 8, 2013, this Court denied Petitioner's motion for reconsideration. (ECF No. 27). On August 1, 2013, the Third Circuit denied Petitioner's application for leave to file a second or successive habeas corpus petition[7], and on August 15, 2013, the Third Circuit denied Petitioner's request for a certificate of appealability in connection with this Court's denial of his Rule 60(b) motion. (ECF Nos. 30, 31).

On May 28, 2014─twenty-three years after the state court conviction and sentence he challenges, as well as eleven years after the dismissal of his original habeas petition─Petitioner filed a Rule 60(b)(6) motion (ECF No. 32), seeking relief from the 2003 dismissal of his habeas petition under the Supreme Court's ruling in *McQuiggin*. This Court referred this matter to United States Magistrate Judge Carol Sandra Moore Wells for preparation of a Report and Recommendation [hereinafter R&R] pursuant to 28 U.S.C. § 636(b)(1)(B). In her R&R, Judge Wells addressed Petitioner's arguments under *Martinez* and *McQuiggin*, finding that: (1) Petitioner's motion was untimely; (2) Petitioner did not demonstrate any extraordinary circumstance that would warrant relief from the denial of his original habeas petition; and

---

[6] Petitioner argues that his claims of ineffective assistance of trial counsel were never raised in state court due to the ineffective assistance of his PCRA counsel. *See* Rule 60(b)(6) Motion (ECF No. 22).
[7] Petitioner sought to file a second or successive habeas petition seeking relief under *Miller v. Alabama*, 132 S. Ct. 2455 (2012), however, the Third Circuit denied his request inasmuch as Petitioner "was not under the age of 18 when he committed his crimes." *See* ECF No. 30.

(3) Petitioner did not make a sufficient showing of actual innocence to satisfy the requirements of *McQuiggin*. R&R at 7-9 (ECF No. 63). Consequently, Judge Wells did not find that Petitioner should be accorded relief from the prior judgment. *Id.* at 1, 9-10.

On September 14, 2018, this Court approved and adopted the R&R *in toto*. (ECF No. 81). Petitioner sought an extension of time to file a motion for reconsideration of this Court's September 14, 2018 Order of Dismissal. (ECF No. 82). Petitioner then filed a notice of appeal for reconsideration of the same Order (ECF No. 83) and made a request to change his notice of appeal to a request for a certificate of appealability (ECF No. 85).[8] Subsequently, Petitioner filed the instant Rule 60(b) Motion for Reconsideration [hereinafter Motion] still seeking relief from the Writ of Habeas Corpus denied in 2003 (ECF No. 18). For the reasons that follow, this Court finds that Petitioner advances no meritorious claims in his Motion for Reconsideration. As such, Petitioner's Motion is denied.

## III. STANDARD OF REVIEW

As established in *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), "the purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence" (internal citation omitted). Thereupon, it is within a court's discretion to grant reconsideration where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [prior motion];

---

[8] Generally, the filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount, Co.*, 459 U.S. 56, 58-59 (1982). However, a Rule 60(b) motion under the Federal Rules of Civil Procedure preserves jurisdiction in the District Court if filed no later than 28 days after judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). As Petitioner filed a motion for an extension to file his motion for reconsideration within twenty-eight days of this Court's Order adopting the Report and Recommendation (ECF No. 81), the Court maintains its jurisdiction over this matter. *See* Court's Order dated January 7, 2019 (ECF No. 86).

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (internal quotation omitted).

## IV. DISCUSSION

In his latest Rule 60(b) motion, Petitioner asserts that had *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) and *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017) been decided prior to Judge Wells' R&R, Petitioner "would have been entitled to a full Rule 60(b)(6) review" on the grounds that *Reeves* and *Satterfield* evolved the law established in *McQuiggin* and *Cox*. Mot. at 14-15 (ECF No. 87). Petitioner has moved for reconsideration under the first and third prongs, although indistinguishably intertwined, of the applicable standard: "an intervening change in the controlling law" and "the need to correct a clear error of law . . . to prevent manifest injustice." *Id.* at 1-2. The Court addresses each in turn.

**A. Petitioner's claim that the recent "new evidence" definition enacted in *Reeves v. Fayette SCI*—and the intervening change in controlling law brought forth therein—fails to satisfy the first prong required to grant a motion for reconsideration.**

To address the first prong of the Rule 60(b) standard of review, Petitioner contends that the Third Circuit's decision in *Reeves* "altered the definition of 'new evidence' to be applied in actual innocence claims," thereby warranting the excuse of his untimely-filed federal habeas

petition.[9] *Id.* at 1. When asserting a gateway claim of actual innocence[10], a petitioner must first "present new, reliable evidence and second, show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Reeves*, 897 F.3d at 160 (internal quotations omitted) (referencing *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010)); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995) (originating the standard for a gateway actual innocence claim). To circumvent *Schlup*'s stringent requirement that "a claim of actual innocence must be based on reliable evidence not presented at trial," *Schlup*, 513 U.S. at 324, the Third Circuit held in *Reeves* that "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates [the petitioner's] actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway." *Reeves*, 897 F.3d at 164 (applying *Gomez v. Jaimet*, 350 F.3d 673, 680 (7th Cir. 2003)) ("a requirement that the new evidence be unknown to the defense at the time of trial would operate as a roadblock to the actual innocence gateway"). Therefore, solely in the context of a claim of ineffective assistance of counsel for failure to discover or use exculpatory evidence, new evidence "requires only that the [presently known] evidence not be presented to the factfinder at trial." *Reeves*, 897 F.3d at 162.

*Reeves* delineates the procedural steps the District Court must follow when evaluating new evidence not presented at trial in support of an actual innocence claim. *Id.* at 165. First, the

---

[9] Like the petitioner in *Reeves*, Petitioner "concedes that his petition is late but argues that [his presented] exculpatory evidence demonstrates actual innocence and warrants excusing his untimeliness." *See Reeves*, 897 F.3d at 160.

[10] Gateway claims of actual innocence "assert a claim of actual innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Reeves*, 897 F.3d at 160 n.4 (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

District Court must examine the new evidence and conclude it is reliable. *Id.* Second, the court "should proceed to undertake a holistic assessment of the new, reliable evidence and the evidence presented at trial to determine whether [the petitioner] has shown it is more likely than not that no reasonable juror would have convicted him." *Id.* Third, and perhaps most significant, if a petitioner makes this showing, the District Court should then review the petitioner's ineffective assistance of counsel claim on the merits under the relevant Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standard of review. *Id.* In compliance with *Schlup*'s standard for asserting a claim of actual innocence and "as part of the reliability assessment of the first step, the court may consider how the timing of the petitioner's submission and the likely credibility of the witnesses bear on the probable reliability of that evidence, as well as the circumstances surrounding the evidence and any supporting corroboration." *Id.* at 161 (internal quotation marks omitted) (quoting *House v. Bell*, 547 U.S. 518, 537, 551 (2006) and *McQuiggin*, 569 U.S. at 399).

1. Assuming, *arguendo*, Petitioner's evidence is "new" for purposes of *Reeves v. Fayette SCI*, Petitioner's claim is still meritless because it fails to meet the threshold requirement for applying the actual innocence standard originated in *Schlup v. Delo*.

Petitioner contends that had *Reeves* been decided prior to the issuance of the R&R, Petitioner's evidence would have: (1) met *Reeves*' recent definition of new evidence and survived a reliability assessment; (2) established by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence; (3) demonstrated an extraordinary circumstance to excuse his untimely filing under *McQuiggin*; and thus, (4) entitled him to relief under Rule 60(b)(6), which would allow a merits review of his ineffective assistance of counsel claim. Mot. at 5. Despite Petitioner's arguments

to the contrary, this Court's review of Petitioner's alleged new evidence under *Reeves*, fails to muster the requisite reliability for a showing of actual innocence under *Schlup*.

Petitioner's Motion misconstrues the analysis in the R&R and states that Judge Wells "neglected to review [both] his actual innocence arguments and underlying trial counsel ineffectiveness of assistance claims."[11] Mot. at 12. However, unlike the circumstances in *Reeves*, where neither the magistrate judge nor the District Court determined "the reliability of the evidence or consider[ed] whether such evidence, assessed with all the rest of the evidence adduced at trial, would more likely than not convince any reasonable juror not to convict" the petitioner, *Reeves*, 897 F.3d at 165, Judge Wells thoroughly evaluated this Petitioner's evidence. As such, she was able to conclude that "the evidence advanced by Petitioner [wa]s inadequate to establish [a] claim of actual innocence."[12] R&R at 9. And, notwithstanding the pre-*Reeves* lens under which she operated, Judge Wells assessed the reliability of Petitioner's evidence and determined it was not reliable. Thus, as Petitioner did not have a viable actual innocence claim, he could not then or now state a meritorious claim for ineffective assistance of counsel that

---

[11] Despite this Court's well-settled notion that motions for reconsideration "may not be used to rehash arguments which have already been briefed by the parties," *PBI Performance Prods., Inc.*, 514 F. Supp 2d at 744, Petitioner once more regurgitates his ineffective assistance of trial counsel claim, premised on *Commonwealth v. Bazemore*, 614 A.2d 684 (Pa. 1992), without understanding that the District Court may not review that claim unless Petitioner successfully navigates the procedural requirements preceding the District Court's merits review of said claim. As such, this Court finds that Petitioner's Motion "is merely repetitious of arguments [he] has previously briefed for the court." *Id.* at 744. *See generally* Rule 60(b)(6) Motion (ECF No. 22), Petition for Reconsideration (ECF No. 26), Rule 60(b)(6) Motion (ECF No. 32), Supplement to the Pending Rule 60(b)(6) Motion with Another Claim (ECF No. 36), Traverse Rule 60(b)(6) Response to Commonwealth's Motion to Dismiss (ECF No. 43), Second Traverse Rule 60(b)(6) Response to Commonwealth's Motion to Dismiss (ECF No. 59), Petitioner's Objections to the Report and Recommendation (ECF No. 67), Application for Permission (ECF No. 70), and Counter-Response to the Commonwealth's Letter/Brief (ECF No. 79) (all reasserting the identical arguments relying on *Bazemore*).

[12] Petitioner contends that the evidence presented serves for impeachment purposes. *See* Rule 60(b)(6) Motion (ECF No. 22). Notwithstanding Judge Wells' contemplation of said claim, R&R at 9, "mere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard." *Reeves*, 897 F.3d at 161 (alterations omitted) (quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

would constitute a new claim under *Reeves*. Accordingly, as Petitioner has failed to show "an intervening change in the controlling law" warranting reconsideration, his only other argued means of relief is "the need to correct a clear error of law . . . to prevent manifest injustice."

B. **Petitioner fails to show a miscarriage of justice warranting reconsideration of his untimely filed habeas petition.**

Under the AEDPA, "state petitioners have one year to file a federal habeas petition" from "the date on which the judgment became final." *Reeves*, 897 F.3d at 160 (internal quotation marks omitted) (citing to 28 U.S.C. § 2244(d)(1)(A)). However, *McQuiggin v. Perkins*, 569 U.S. 383 (2013), established that "to prevent a fundamental miscarriage of justice, an untimely petition is not barred when a petitioner makes a credible showing of actual innocence, which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation." *Reeves*, 897 F.3d at 160 (applying *McQuiggin*, 569 U.S. at 386, 392).[13] Thus, under Rule 60(b)(6), Petitioner may persuade the Court to reconsider his previously denied habeas petition because making such a showing would evidence *extraordinary circumstances* warranting relief. *See* R&R at 5 (emphasis added) (internal quotation marks omitted) (citing Fed. R. Civ. P. 60(c)(1)).

To address the third prong of the Rule 60(b) standard of review, Petitioner unpersuasively implores this Court to rectify a fundamental miscarriage of justice by arguing that Judge Wells abused her discretion and committed a clear error of law in her application of *McQuiggin* and *Cox*.[14] Mot. at 11. Additionally, Petitioner asserts that his case is indistinguishable from

---

[13] In *McQuiggin*, the Supreme Court "explained that the actual innocence miscarriage of justice exception is separate from AEDPA's statutory provisions, and [that it] survive[s] AEDPA's passage. . . . Thus, AEDPA's actual innocence provisions are not dispositive of the scope of new evidence under the actual innocence miscarriage of justice exception recognized by the Supreme Court in *Schlup*, *House*, and *McQuiggin*." *Reeves*, 897 F.3d at 160 n.5 (internal quotation marks omitted) (quoting *McQuiggin*, 569 U.S. at 392-98).
[14] *See* R&R at 7 (explaining why undergoing a *Cox* analysis is unnecessary).

*Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017), where the petitioner "sought relief from the judgment denying his habeas petition, characterizing *McQuiggin*'s change in relevant decisional law as an *extraordinary circumstance* to justify relief under Federal Rule of Civil Procedure 60(b)(6)." *Satterfield*, 872 F.3d at 154 (emphasis added).

As decided in *Satterfield*, which Petitioner references in his Motion without understanding any of its application, "if a petitioner can make a showing of actual innocence, *McQuiggin*'s change in law is almost certainly an exceptional circumstance." *Id.* at 163. In other words, "[a] proper demonstration of actual innocence by [the petitioner] should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction." *Id.* at 163. The Third Circuit further held that "the miscarriage-of-justice exception and *McQuiggin*'s holding more broadly will not be applicable to [a petitioner's] case if [the petitioner] cannot make a proper showing of actual innocence," by which the District Court must then "determine whether such a showing has been made as a threshold matter." *Id.*

Despite the foregoing analysis in *Satterfield*, Petitioner focuses on Judge Wells' finding that *McQuiggin* is not an extraordinary circumstance without understanding that even if the magistrate had reached the same conclusion, *McQuiggin*'s holding is inapplicable to Petitioner. This is because, as previously asserted in the R&R, and this Court's September 14, 2018 Order, Petitioner does not make a sufficient showing of actual innocence to satisfy the requirements under either case, nor does he present any persuasive argument that the circumstances in his case are as extraordinary as those in *Satterfield*. As such, this Court finds no fundamental miscarriage of justice by adopting and approving Judge Wells' R&R *in toto*.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b)(6) motion is denied. In addition, the Court will not issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II   J.